UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

DAVE BURKE,                              )
                                        )
         Plaintiff,                     )        Civil Action No. 2: 21-132-WOB
                                        )
v.                                      )
                                        )
KENTON CO. FISCAL COURT, et al,         )        **ORDER OF DISMISSAL**
                                        )
         Defendants.                    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dave Burke filed this action in the Circuit Court of Kenton County, Kentucky in October 2021. [R. 1-1] The Defendants who were served with process then removed the action to this Court. [R. 1] Five of them have since moved to dismiss the claims against them on various grounds. [R. 5, 6, 10, 11, 15] Each of the motions indicates that it was served upon Burke at his address of record at the Kenton County Detention Center ("KCDC"). Burke has not filed a response to any of these motions, and the twenty-one day deadline to do so has passed. *See* LR 7.1(c).

On November 29, 2021, the Court entered an Order noting that Burke had been released from KCDC in late September 2021 but had failed to update his mailing address with the Court. [R. 14] It therefore ordered him to update his mailing address with the Court within 28 days. The Order cautioned that if Burke failed to do so the Court would dismiss his Complaint without prejudice for failure to prosecute and for failure to comply with a Court Order. *Id*. at 2 (citing *Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991) (a pro se litigant is not afforded special consideration for failure to follow readily comprehended court orders).

1

Two weeks later, the Clerk of the Court received a letter from Burke inquiring about the status of the case. In response, the Clerk mailed a copy of the current docket sheet to Burke, which included a description of the Court's Order requiring him to update his mailing address. Three more weeks have passed and Burke has still not responded to the Court's Order in any way.

Under such circumstances Federal Rule of Civil Procedure 41(b) permits a Court to dismiss a case for failure to prosecute if warranted. To determine whether dismissal is appropriate under Rule 41(b), the Court may consider a variety of factors, such as "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Knoll v. American Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999). Consideration of these factors supports dismissal of the case for failure to prosecute because the Court expressly advised Burke that the case would be dismissed if he did not file a response within the time permitted. In addition, the Court has waited beyond the stated deadline to see if a compliant response was filed. Third, Burke has not responded to any of the five motions filed by the Defendants and his time to do so has long since passed. Finally, Burke has not filed any document in this matter for more than four months.

His failure to do so in the face of clear warnings regarding the consequences of his choice indicates that his decision is a "willful" one. Giving a prior warning of possible dismissal is pivotal to the determination of willfulness. *Stough v. Mayville Community Schools*, 138 F. 3d 612, 615 (6th Cir. 1998) ("Prior notice, or the lack thereof, is ... a key consideration when determining whether a district court abuses its discretion in dismissing a

case pursuant to Rule 41(b).").  Burke's failure to respond is a strong indication that he intentionally chose to disregard the Court's Order and/or to abandon his claims.  *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011).  Burke's case will therefore be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See Wodarski v. Kenton Co. Det. Ctr.*, No 19-5248 (6th Cir. Sep 06, 2019); *Crawford v. Beaumont Hospital-Wayne*, 2017 WL 4182098, at *1-2 (6th Cir. Sept. 12, 2017); *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005); *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [the *pro se* plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address.") (citation omitted).

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff Dave Burke's Complaint [R. 1-1] is **DISMISSED** without prejudice for failure to prosecute and failure to comply with an Order of the Court.

2.      All pending motions are **DENIED** as moot.

3.      This matter is **STRICKEN** from the active docket.

Entered:  January 3rd, 2022.



Signed By:
**William O. Bertelsman**
**United States District Judge**

3