UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| DAVE BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 21-132-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| KENTON CO. FISCAL COURT, et al, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In October 2021, plaintiff Dave Burke was confined as a pretrial detainee in the Kenton County Detention Center ("KCDC"). At that time, Burke filed a handful of civil rights complaints regarding the conditions of his confinement at KCDC, most in this Court and one in the Circuit Court of Kenton County, Kentucky. *See Burke v. Kenton Co. Fiscal Ct.*, No. 2:21-CV-109-JMH (E.D. Ky. 2021) [R. 9 therein at 3-4]. All but one of those cases were dismissed without prejudice for several procedural shortcomings. *Id*. at 4-9.

This case originated in Kenton Circuit Court, but was removed to this Court on October 22, 2021. [R. 1] Most of the defendants filed answers or motions to dismiss the complaint. [R. 5, 6, 10, 11, 15] When Burke failed to respond to any of the dispositive motions, the Court entered an Order noting that KCDC's website indicated that he had been released from the jail. The Order therefore directed Burke to file an updated and correct mailing address within 28 days. The Order further expressly directed Burke to indicate whether he intended to continue the prosecution of this case. Finally, the Order cautioned that his complaint would be

1

dismissed for failure to prosecute if he did not. [R. 14]  However, that Order was returned as undeliverable by the United States Postal Service. [R. 17]

On December 13, 2021, the Clerk of the Court received a letter from Burke stating that he had "received word" that his case had been removed to this Court, although he did not explain the source of that knowledge.  Burke alleged that he had not received any notice from the Kenton Circuit Court that transfer of the case had been requested.  Burke further asserted that the removal of the case only applied to those defendants who had filed a motion seeking removal, and those who had not "must stay in state court."  He also stated that he had not received any notification from this Court regarding the removal of the case.  Burke asked the Clerk of the Court to send him a "case history report."  Burke did not file a formal change of address, although his letter and the envelope in which it was enclosed listed his address at the Little Sandy Correctional Complex.  Burke's letter did not clearly state that he intended to continue prosecution of this case. [R. 18]

The Clerk sent Burke a copy of the current docket sheet the same day.  That docket sheet set forth, *verbatim*, the ordering language found in the Court's November 29, 2021, Order.  Specifically, the second numbered paragraph (set forth in the docket sheet) stated:

> Within twenty-eight (28) days from the date of this Order, Burke shall file a document in the record advising the Clerk of the Court of his current mailing address and indicating his intention to continue prosecution of this matter.  If he fails to do so, the Court will dismiss his Complaint without prejudice for failure to prosecute and for failure to comply with a Court Order.

Three more weeks passed and Burke's deadline to comply with the Court's Order came and went without response.  Noting this history, the Court dismissed this action for failure to prosecute on January 3, 2022. [R. 19, 20]

2

Although the Court's dismissal order was sent to Burke at his new address, he did not object to it.  Instead, ten days later Burke filed an amended complaint.  [R. 21]  But that submission was unaccompanied by either a letter explaining its filing or a motion requesting that the case be re-opened and the amendment permitted.  The Court has by separate Order directed that the amended complaint be stricken from the record.

An additional four weeks have passed, and Burke has now filed two motions to reconsider the dismissal of this action.  The second motion [R. 24] covers much the same ground as the first [R. 23], and is therefore redundant.  In addition, it is directed to the Clerk of the Court rather than to the Court itself, and Burke did not serve it upon the opposing parties or certify that he had done so.  In each of the several cases Burke has filed, the Court has sent him a copy of its Pro Se Information Packet.  That document makes clear that if a party seeks legal relief he must do so by filing a formal motion with the Court, and that such motions must be served on all parties.  *See* [R. 14 at 2]  For these reasons, the Court will direct that Burke's letter, construed as a motion, be stricken from the record.[1]

With respect to Burke's first motion [R. 23], ordinarily the Court would consider a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  But such a motion must be filed within 28 days after the entry of judgment, and Burke's motion

---

[1]  Burke also failed to properly serve the first motion.  Burke stated that "the foregoing was filed with the Clerk which will give notice of the filing to the [parties] listed below ..." [R. 23 at 4]  This is not valid service and does not satisfy Burke's obligations under Rule 5(a) of the Federal Rules of Civil Procedure.  Burke is not an authorized electronic filer with this Court, and he must therefore serve paper documents to the parties or their counsel using one of the methods set forth in Rule 5(b) of the Civil Rules.  In addition, Burke failed to sign the certification of service.  The Court will disregard that failure in this instance, but Burke is cautioned that any filings in the future which are not properly served upon the parties will be stricken from the record.

was filed after that deadline.[2]  The Court may not consider such a motion or extend a party's time to file one.  Fed. R. Civ. P. 6(b)(2).  However, a "post-judgment motion that asks for relief other than correction of a purely clerical error and which is filed more than [28] days after entry of judgment is construed as a Rule 60(b) motion."  *Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002).

Rule 60(b) sets forth six different possible grounds for relief from a judgment. However, Burke's motion does not seek relief upon any of the specifically-enumerated grounds set forth in subsections (b)(2) through (b)(5).  Instead, the basis for Burke's motion to reconsider – that the Court erred in dismissing his complaint because he timely provided an updated address – constitutes a claim of "mistake" or "inadvertence" and thus falls within the scope of subsection (b)(1).  *Cf. United States v. Hawkins*, 3 F. App'x 327, 328 (6th Cir. 2001) ("In the Sixth Circuit, a claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1)."); *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) ("a Rule 60(b)(1) motion is intended to provide relief ... when the judge has made a substantive mistake of law or fact in the final judgment or order.") (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

The Court's dismissal of this action was not the product of either mistake or oversight. At the outset, Burke's repeated assertion that he did not receive any documents filed or entered in this case for several months conflicts with the record.  Burke acknowledges that he received

---

[2] Burke did not date his motion.  *See* [R. 23 at 3]  Burke's certificate of service states that he mailed the document to the Clerk of the Court on January 29, 2022.  *See* [R. 23 at 4]  But this is plainly incorrect, as Burke included with that mailing a letter to the Court dated February 2, 2022.  *See* [R. 23-1 at 1]  Burke's motion is therefore deemed filed on February 2, 2022, the last of these dates.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  This is thirty days after entry of the Judgment dismissing this action on January 3, 2022.

the Court's October 28, 2021 opinion and judgment in *Burke v. St. Elizabeth Hospital*, No. 2:21-CV-113-JMH (E.D. Ky. 2021). *See* [R. 23 at 2]  The first document in this case that was returned as undeliverable by the Postal Service was the Court's November 29, 2021 Order. [R. 17]  There is no indication that the balance of the documents sent by the Court or the parties were not received by Burke.

Burke does correctly note that the Court was made aware of his new address when it received his letter of December 13, 2021.  [R. 18]  However, Burke's letter was not sent in response to the Court's Order, a document he did not receive.  *See* [R. 17]  And Burke's letter did not, as required by the Court's Order, contain a clear expression that he intended to continue pursuit of his claims in federal court.  Indeed he asserted, incorrectly, to the Clerk that only the defendants who had sought removal of the case from the state court were a part of the federal proceedings.  [R. 17 at 1]

In addition to Burke's failure to properly respond to this Court's Order, the defendants have individually and collectively suffered prejudice from Burke's prolonged failure to participate in his own case.  As the Court has previously noted, Burke has not filed a response to any of the five motions to dismiss the complaint, and his time to do so has long since passed. [R. 5, 6, 10, 11, 15]

Finally, both Burke's original complaint [R. 1-1] and his recently-filed amended complaint [R. 21] suffer from numerous defects that would have required its dismissal in any event.  In his complaint, Burke claims that: (1) his due process rights were violated when he was not permitted to call certain witnesses during a hearing that resulted in his placement in segregation for sixty days, [R. 1-1at 7, 20]; (2) on one occasion his restraints were too tight when he was placed in a restraint chair, [R. 1-1 at 8, 20]; (3) his segregation cell had only a

5

concrete floor and he was not provided with a mattress or bed sheets because he was on suicide watch, [R. 1-1 at 9]; (4) medical staff would not take him to the hospital after he complained of chest pains, [R. 1-1 at 9, 21]; (5) an officer assaulted him after he became dizzy and his arm came into contact with the officer's weapon when he reached out to steady himself, [R. 1-1 at 10, 11], and (6) he was kept on suicide watch for 18 days without justification, [R. 1-1 at 10].

The Court has already explained the deficiencies in Burke's complaint at length. *Cf. Burke v. St. Elizabeth Hosp.*, No. 2: 21-CV-113-JMH (E.D. Ky. 2021). Burke's claims are not related to one another as required to bring them in a single complaint. Fed. R. Civ. P. 20(a); *Wheeler v. Wexford Health Sources, Inc.*, 689 F. 3d 680, 683 (7th Cir. 2012). Burke's allegations are also often framed in the passive voice, and while he states what events happened to him, he does not identify what person committed the acts about which he complains. His complaint therefore fails to satisfy Rule 8(a). *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("[e]ven a *pro se* prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights…"). Indeed, he makes no allegations at all against some of the named defendants. With respect to others, Burke does not allege that a specific and clearly-identified county policy or custom was the animating force behind the actions taken by county employees as required to state a claim. Either omission warrants dismissal. *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Burke does clearly identify defendants Harris and Williams as the officers involved in the assertedly excessive use of force in this fifth claim. [R. 1-1 at 10] Burke indicates those events transpired on June 18, 2021. *Id*. at 11. But the events of that day formed the factual basis for a two-count criminal indictment filed against Burke for Disarming a Police Officer

6

in violation of K.R.S. 508.160 and Attempted Escape in the First Degree in violation of K.R.S. 520.020 and K.R.S. 506.010.  Those charges were filed on August 26, 2021, shortly before Burke filed this action, and they remain pending in the Circuit Court of Kenton County, Kentucky while that Court awaits the results of a competency evaluation.  *See Commonwealth v. Burke*, 21-CR-01097 (Kenton Co. Cir. Ct. 2021).[3]  The Court would therefore abstain from exercising jurisdiction over such claims pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Finally, Burke's Due Process claim arising out of the disciplinary hearing at the jail fails to state a claim.  Being placed in segregation for sixty days does not, without more, affect the duration of his sentence or constitute an atypical and significant hardship as required to implicate the Due Process Clause.  *Sandin v. Conner*, 515 U.S. 472, 486 (1995).  For these reasons the Court finds no basis to vacate its prior judgment, either pursuant to Rule 60(b)(1) or under the catch-all provision under Rule 60(b)(6) for "any other reason that justifies relief."

Accordingly, it is **ORDERED** as follows:

1.    Burke's "Motion to Reconsider Order" [R. 24] is **STRICKEN** from the record.

2.    Burke's "Motion to Reconsider" [R. 23] is **DENIED**.

Entered:  February 15, 2022.



Signed By:

*William O. Bertelsman*

United States District Judge

---

3    See   https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1& division=CI&caseNumber=21-CR-01097&caseTypeCode=CR&client_id=0 (visited on February 11, 2022).